J-S33016-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN THE INTEREST OF: C.R., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| APPEAL OF: E.R., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1405 EDA 2021 |

Appeal from the Order Entered June 24, 2021
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-DP-0001087-2017

| IN THE INTEREST OF: C.I.R., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| APPEAL OF: E.R., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1406 EDA 2021 |

Appeal from the Order Entered June 24, 2021
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-AP-0000150-2019

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.:                **FILED DECEMBER 30, 2021**

E.R. (Father) appeals from the orders involuntarily terminating his parental rights to C.R. (Child), born in March 2017, and changing Child's permanency goal to adoption.[1]  We remand for the trial court to file a

_____

[1] The record in the dependency case refers to Child as C.I.R., while the record in the termination of parental rights case refers to Child as C.R.  Consistent
*(Footnote Continued Next Page)*

supplemental Pa.R.A.P. 1925(a) opinion summarizing its findings of fact and conclusions of law.

Briefly, the Department of Human Services (DHS) became aware of Child after receiving a general protective services report that Child tested positive for cocaine and opiates at his birth. Child remained hospitalized to treat his withdrawal symptoms. On April 25, 2017, at the time of Child's discharge from the hospital, DHS obtained an order for protective custody. On May 1, 2017, DHS filed a dependency petition. On May 3, 2017, the trial court adjudicated Child dependent, committed Child to DHS's full care, and set Child's placement goal as reunification. DHS initially placed Child in foster care through New Foundations.

On May 24, 2017, the Community Umbrella Agency (CUA) held a single case plan (SCP) meeting. CUA set SCP objectives for Father to comply with (1) court orders, drug screens, and Clinical Evaluation Unit (CEU) assessments, (2) a referral to Achieving Reunification Center (ARC), (3) substance abuse and treatment recommendations, (4) scheduled supervised

---

with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), Father filed separate notices of appeal at the dependency and termination of parental rights dockets. This Court consolidated Father's appeals on July 26, 2021.

The trial court also terminated the parental rights of A.H. (Mother). Mother has not appealed, nor has she participated in Father's appeals. Additionally, although Father did not deny paternity of Child, DHS filed petitions to terminate the parental rights of any unknown fathers because Child's birth certificate did not list him as Child's father. No unknown fathers appeared at the hearing or appealed.

visitation with Child, and (5) his parole/probation officer.[2]  In December 2018, the trial court placed Child in kinship care with Paternal Grandfather and Step Grandmother in Maryland.

On March 4, 2019, DHS filed petitions for the involuntary termination of Father's parental rights and a goal change to adoption.  On June 12, 2019, DHS filed amended petitions revising Child's demographic information.  As to Father, DHS sought termination of parental rights under 42 Pa.C.S. § 2511(a)(1), (2), (5), (8), and (b).

Following numerous continuances, the trial court held a remote hearing on June 24, 2021.[3]  As to Child, DHS presented testimony from Andrew Lemon, the CUA case manager and the case supervisor since March 2020. DHS also called Nathan Kipp, the current CUA case manager.  Father appeared with counsel and testified on his own behalf.  Jo-Ann Braverman, Esq. represented Child as *guardian ad litem*, and Marilyn Rigmaiden-DeLeon, Esq. represented Child as child advocate.  **See generally In re Adoption of L.B.M.**, 161 A.3d 172 (Pa. 2017).

At the conclusion of the testimony concerning Child, the trial court recited the procedural history of Child's case.  N.T., 6/24/21, at 93-94.  The

_____

[2] The records do not include details concerning Father's criminal history.

[3] We note that the June 24, 2021 hearing considered the termination of Mother's and Father's parental rights concerning Child, the requested change of Child's goal to adoption, and a review of DHS's case concerning Mother and Father's child, A.R., born in 2019, during the continuances of the hearing.

trial court stated that while Father "ha[s] had some compliance, it's clear that at this point [he] appear[s] to be [a] visitation resource[] for [Child,] but [has] not completed [SCP] objectives such that reunification is possible." *Id.* at 94. The trial court added that Father "does not have a caregiver role." *Id.* at 95.

According to the trial court, Father expressed "regret about his choices" and acknowledged that "[i]t wouldn't be in [Child's] best interest to be removed from [Paternal Grandfather and Step Grandmother's] home at this time." *Id.* at 96. The trial court continued that Father had "no desire to remove [Child] from where he is now [with Paternal Grandfather and Step-Grandmother in Maryland], and . . . testified about possible reunification at some point in the future." *Id.*

The trial court concluded that "[C]hild needs permanency now." *Id.* The trial court then stated that termination of Father's parental rights was proper under 23 Pa.C.S. § 2511(a)(1), (2), (5), (8), and (b), and that adoption would be in Child's best interest. *Id.* at 96-97. The same day, the trial court entered an order terminating Father's parental rights to Child and an order changing Child's goal to adoption.

Father timely appealed the orders terminating his parental rights and changing Child's goal to adoption, and he submitted statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). The

trial court filed a Rule 1925(a) statement generally citing to the June 24, 2021 hearing transcripts.  Trial Ct. Op., 8/5/21, at 1-2.[4]

Following our review of Father's issues, the trial court's statements at the June 24, 2021 hearing, and the trial court's Rule 1925(a) opinion, we are constrained to direct the trial court to file a supplemental opinion.  The trial court shall state its findings of fact and conclusions of law that support its rulings concerning the goal change to adoption under 42 Pa.C.S. § 6351 and the termination of Father's parental rights under Section 2511(a)(1), (2), (5), and/or (8), as well as 2511(b).

We emphasize that our standards of review require deference to the trial court's findings of fact and credibility determinations.  **See In re Adoption of S.P.**, 47 A.3d 817, 826-27 (Pa. 2012) (noting that "there are clear reasons for applying an abuse of discretion standard of review in [dependency and termination of parental rights] cases" and acknowledging that "unlike trial courts, appellate courts are not equipped to make the fact-specific determinations on a cold record, where the trial judges are observing the parties during the relevant hearing and often presiding over numerous other hearings regarding the child and parents" (citations omitted)); **see also**

---

[4] The trial court's opinion stated that "[t]o the extent that the Pennsylvania Superior Court believes that the trial court's statements on the record do not adequately address any issues on appeal, the trial court will submit a supplemental opinion upon remand."  Trial Ct. Op. at 1-2.  We note that this Court, in two separate judgment orders filed in June 2021 in other cases, directed the trial court to submit supplemental opinions after the trial court filed Rule 1925(a) opinions like the ones in the instant appeals.

- 5 -

*Interest of S.K.L.R.*, 256 A.3d 1108, 1123-24 (Pa. 2021) (emphasizing that "[w]hen a trial court makes a 'close call' in a fact-intensive case . . . the appellate court should not search the record for contrary conclusions or substitute its judgment for that of the trial court"). Here, a meaningful application of these standards requires more detailed findings of fact and conclusions of law from the trial court.

For these reasons, we remand these consolidated appeals and direct the trial court to file a supplemental opinion pursuant to Pa.R.A.P. 1925 and 42 Pa.C.S. § 706, in response to the issues raised in Father's Rule 1925(b) statement including Father's claims concerning the two-year delay between the filings of the petition to terminate his parental rights and the hearing, Father's asserted compliance with his SCP objectives after DHS filed the petition to terminate his parental rights, as well as the evidence of the bonds between Father and Child and whether severing those bonds would result in irreparable harm to Child. The trial court is directed to file its supplemental opinion within thirty days of this decision. No further extensions of time will be granted.

Cases remanded. Panel jurisdiction retained.